IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PERSHEKA BERNARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:21-cv-02479-JTF-cgc |
| | ) |
| **WAL-MART,** | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION DENYING MOTION TO DISMISS
AS MOOT AND DISMISSING CASE WITH PREJUDICE

Before the Court is Plaintiff Persheka Bernard's *pro-se* complaint asserting employment discrimination under Title VII of the Civil Rights Act of 1964 for sex discrimination and malicious prosecution against Defendant Wal-Mart, filed on July 16, 2021. (ECF No. 1.) On February 21, 2022, Defendant filed a Motion to Dismiss. (ECF Nos. 15 & 15-1.) On April 13, 2022, the Magistrate Judge entered an order directing *pro-se* Plaintiff to show cause prior to the close of business on April 27, 2022 as to why the Court should not grant Defendant's Motion to Dismiss. (ECF No. 17.) Moreover, *pro-se* Plaintiff was cautioned that a failure to respond would result in a recommendation to dismiss the case for failure to prosecute. (*Id.*)

The Court notes that no response has been filed to the Magistrate Judge's Order to Show Cause. In fact, *pro-se* Plaintiff's compliance with the Magistrate Judge's Order expired on April 27, 2022. After screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge entered a Report and Recommendation ("R & R") on May 16, 2022, advising the Court to dismiss

1

*pro-se* Plaintiff's case with prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 18.)  *Pro-se* Plaintiff's objections to the R & R were due on May 31, 2022. (*Id.*)

To date, *pro-se* Plaintiff has not complied with the Magistrate Judge's Order, filed no objections to the R & R, and *pro-se* Plaintiff's opportunity to do so has passed.  *See* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R & R).  Furthermore, the Court finds there has been no activity by *pro-se* Plaintiff since the filing of her motion to proceed *in forma pauperis* on August 19, 2021.  Due to *pro-se* Plaintiff's inaction, Defendant is prejudiced in taking steps to further the case.  For the following reasons, the R & R should be **ADOPTED**, and *pro-se* Plaintiff's case be **DISMISSED** with prejudice for failure to prosecute.

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).  However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd.*

*of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In the case at hand, the Court agrees with the Magistrate Judge's recommendation that pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint be dismissed with prejudice for failure to prosecute the case. (ECF No. 18.) If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Sixth Circuit held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (per curiam).

Under the circumstances, *pro-se* Plaintiff was advised that dismissal of this action would follow upon failure to comply with the Magistrate Judge's Order to Show Cause. Upon the Court's review of the record, *pro-se* Plaintiff has chosen not to comply. The R & R informed *pro-se* Plaintiff that objections were due on May 31, 2022. As noted above, *pro-se* Plaintiff raised no objections to the R & R and time to do so has passed. Accordingly, the Court dismisses *pro-se* Plaintiff's case with prejudice as an adjudication on the merits for lack of prosecution.

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSES** *pro-se* Plaintiff's complaint with prejudice for lack of prosecution, and **DENIES** Defendant's Motion to Dismiss as **MOOT**.

**IT IS SO ORDERED** this 9th day of June, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
